UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY DAVID FOSTER**                                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 10-4563**

**ORLEANS PARISH PUBLIC**                                           **SECTION: "D"(3)**
**DEFENDANTS OFFICE, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff, Henry David Foster, a state pretrial detainee, filed this *pro se* federal civil rights complaint pursuant to 42 U.S.C. § 1983. He named the Orleans Public Defenders Office, Christopher Murell, and Rick Tessier as defendants. Plaintiff's claims arise from his ongoing legal representation in state criminal proceedings.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly reading the complaint,[1] the Court nevertheless finds that plaintiff's complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[2]

Plaintiff is currently being prosecuted on criminal charges in Orleans Parish Criminal District Court. He is being represented in those proceedings by Christopher Murell of the Orleans Public

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

Defenders Office. Plaintiff complains that Murrell has refused to file a motion to suppress evidence, has refused to provide plaintiff with a transcript, and has pressured him into accepting a plea bargain. Plaintiff further claims that Murell has discussed the case with a colleague, Rick Tessier, and encouraged him to likewise advise plaintiff concerning the plea bargain.

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by *a person or persons acting under color of state law*.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted).

It is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Hernandez-Hernandez v. Fagerberg, No. 09-10959, 2010 WL 3278257, at *1 (5th Cir. Aug. 16, 2010); Sullivan v. Orleans Indigent Defenders Program, No. 96-30218, 1996 WL 405489 (5th Cir. June 26, 1996). Accordingly, Christopher Murell and Rick Tessier are not a state actors, and plaintiff's § 1983 claims against them therefore fail.[3]

To the extent that plaintiff is also naming the Orleans Public Defenders Office as a separate defendant, that is likewise improper. It appears that office is not an entity capable of being sued

---

[3] Although it is not entirely clear from the complaint, the Court is assuming for the purposes of this decision that Tessier is also a public defender. However, even if he is a private attorney, the result is the same. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

under § 1983. Fondol v. Orleans Parish District Attorney Office, No. 08-4158, 2008 WL 4891238, at *2 (E.D. La. Nov. 4, 2008). Nevertheless, even if the office can properly be named as a defendant, it is not properly named in the instant case. Any claim here against the office is obviously based on a *respondeat superior* theory of liability, and such claims simply are not cognizable under § 1983. Polk County, 454 U.S. at 325.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this third day of January, 2011.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.